Forester VANDERHOFF, Appellee

v.

HARLEYSVILLE INSURANCE COMPANY, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 20, 2011.

Filed Feb. 6, 2012.

Reargument Denied April 16, 2012.

James C. Haggerty, Philadelphia, for appellant.

Brian C. Corcoran, Kingston, for appellee.

BEFORE: STEVENS, P.J., BENDER and PANELLA, JJ.

OPINION BY PANELLA, J.

Appellant, Harleysville Insurance Company, appeals from the judgment entered September 23, 2010, by the Court of Common Pleas of Luzerne County. In this appeal, we are asked to determine what circumstances constitute prejudice to an insurer arising from the insured's failure to inform the insurer of the involvement of an unidentified vehicle in an accident. Under the specific circumstances of this case, we conclude that the trial court abused its discretion and, therefore, reverse.

This appeal comes before this court through a long and somewhat tortuous path. The litigation arose from a motor-vehicle accident that occurred on October 4, 2001. In this accident, a vehicle driven by appellee Forester Vanderhoff rear-ended a vehicle driven by Ryan Piontkowski. In what has become the crux of this long-running case, Vanderhoff testified that he saw a white car cross the intersection, cutting off Piontkowski's vehicle, causing Piontkowski to stop suddenly. However, Vanderhoff's testimony is the only evidence of the existence of this third, "phantom" vehicle; Piontkowski denies its existence and none of the contemporaneous reports of the accident contain any reference to it. In fact, Harleysville received no notice of the third vehicle until June 2002, when Vanderhoff filed a claim for uninsured motorist benefits.

Harleysville denied Vanderhoff's claim for uninsured motorist benefits and instituted a declaratory judgment action. A non-jury trial was held on Harleysville's

action wherein Harleysville contended that the third, "phantom" vehicle did not exist and that Vanderhoff had not complied with statutory requirements for eligibility for uninsured motorist coverage. The trial court determined that the third vehicle existed, and that Vanderhoff had indeed reported its existence to the police who had responded to the accident.

Harleysville appealed to this court, and by memorandum filed March 1, 2006, we reversed. *See Vanderhoff v. Harleysville Ins. Co.*, 898 A.2d 1143 (Pa.Super.2006) (unpublished memorandum). This court held that the trial court's finding that Vanderhoff had given timely notice of the "phantom" vehicle to Harleysville under 75 PA. CONS.STAT.ANN. § 1702 was not supported by the record and reversed. Vanderhoff filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which the Supreme Court granted in order to decide whether an insurer was entitled to deny coverage under section 1702 in the absence of a showing of prejudice. By opinion dated July 6, 2010, the Supreme Court held that a showing of prejudice was necessary before an insurer could deny coverage based upon untimely notice, and remanded this case to the trial court for a hearing on this issue. *See Vanderhoff v. Harleysville Ins. Co.*, 606 Pa. 272, 997 A.2d 328 (2010).

At the hearing before the trial court, Harleysville presented the testimony of Piontkowski, the responding police officer, a Harleysville claim representative, Harleysville's trial counsel, an investigator, and an accident reconstruction expert. The trial court found that Harleysville did not establish prejudice, as it did not show that the result would have been different had there been timely notice of the phantom vehicle. This timely appeal followed.

On appeal, Harleysville purports to raise four issues for our review. However, each of the four issues constitutes merely a rephrased challenge to the trial court's determination that Harleysville did not suffer prejudice from the untimely notice. We will therefore focus our analysis on the propriety of the trial court's finding that Harleysville did not suffer prejudice.

■ In reviewing an appeal from a declaratory judgment action, our scope of review is narrow. *See Butler v. Charles Powers Estate*, 29 A.3d 35, 39 (Pa.Super.2011). We review the trial court's decision as we would a decree in equity. *See id.* Therefore, we only set aside factual conclusions when they are unsupported by the record, or when the trial court clearly abuses its discretion by exercising it in a manner that lacks reason. *See id.*

In the case *sub judice*, Sincha Shaiman, a claims adjuster for Harleysville, testified that when an unidentified vehicle is involved in an uninsured motorist claim, Harleysville normally hires an investigator and outside counsel on that same day. *See* N.T., remand hearing, 8/24/2010, at 15–16. Shaiman testified that the investigator is retained quickly to speak to the responding officer, get photos of the accident scene, and canvass the area for witnesses. *See id.*, at 15. Furthermore, Shaiman testified that in this case, Harleysville retained an investigator and outside counsel to investigate the phantom vehicle claim only after Vanderhoff notified them of the phantom vehicle in the summer of 2002. *See id.*, at 17. Harleysville did not canvass the area for witness at the time, Shaiman testified, because it felt that any possible memories of the accident had dissipated. *See id.*, at 21. Nor did Harleysville take any photographs of the scene of the accident, because after 8 months, their probative value would be diminished. *See id.*, at 22. Finally, Shaiman testified that 9–1–1 tapes are kept for 30 days and then destroyed, so Harleysville did not attempt to

review these tapes from the day of the accident. *See id.*, at 30.

James Doherty, Esquire, testified that he was a local attorney who was often retained by Harleysville and other insurers to handle insurance matters. *See id.*, at 36. Attorney Doherty testified that he believed that there would have been witnesses to the accident because the intersection where the accident occurred was a busy intersection and the accident occurred during daylight hours. *See id.*, at 40. Furthermore, he testified that phantom vehicle cases are difficult and the defense relies heavily upon fresh memories. *See id.*, at 41.

Linda Melvin, an accident investigator hired by Harleysville to investigate the phantom vehicle claim in this case, testified that Harleysville retained her services in September 2002. *See id.*, at 50. Furthermore, she testified that her approach in investigating the accident would have been different had she been hired within 2 weeks of the accident. *See id.*, at 53–54. For example, she stated that she would have canvassed local retail establishments for witnesses if she had been hired shortly after the accident. *See id.*, at 55–56. Furthermore, she would document skid marks and other marks on the road, which was impossible in this instance as such marks do not typically last beyond "weather events." *Id.*, at 56.

Finally, Harleysville presented the testimony of Steve Schorr, P.E., an accident reconstruction expert. *See id.*, at 68–69. Schorr testified that timeliness was important in the accident reconstruction process, as the passage of time narrowed the scope of information available to analyze. *See id.*, at 71–72. Furthermore, he described the effect of the passage of time on what he termed "short-lived data:" "things like debris, marks on the roadway, damage, availability to look at the vehicles. The longer you wait, then the less opportunity you have for that data." *Id.*, at 72.

The trial court's 1½ page decision does not explicitly state the standard it applied in determining that the preceding evidence was insufficient to establish prejudice. However, the order indicates that Vanderhoff's position was that Harleysville did not establish prejudice because it did not show that "the result would have been any different even with . . . a timely investigation." Trial Court Order, 8/30/2010, at 1. In the absence of an explicit, distinct rationale for its finding, we are left with no other option but to find that the trial court adopted Vanderhoff's argument.

Under the specific facts of this case, we conclude that this argument constitutes a clear abuse of discretion, as it does not comport with reason. The entire justification for the requirement of a timely report of an unidentified vehicle to an insurer is to allow the insurer to investigate the accident to discover evidence. It is nearly axiomatic that the insurer cannot know what evidence it might discover in such an investigation. In fact, if the insurer could establish with certainty what evidence it would have discovered, it would, by definition, not be prejudiced by the lack of timely notice. As established by the testimony cited above, significant amounts of evidence, both physical and testimonial, are lost with the passage of 8 months' time.

Furthermore, in this case, we are faced with a record that contains only the later testimony of the plaintiff that the phantom vehicle existed. Contemporaneous police reports and workers' compensation claims filed by Vanderhoff contain no reference to the phantom vehicle.[1] There is no physical

1. We acknowledge the trial court found the responding officer was incredible in his testi-

evidence of the involvement of a phantom vehicle. Furthermore, the only available eyewitness testified as to the absence of any phantom vehicle. Under these specific circumstances, we conclude that the trial court erred in requiring Harleysville to establish conclusively what evidence a timely investigation would have discovered. Accordingly, we reverse.

Judgment reversed. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

mony and that he was not informed of the unidentified vehicle. We do not assail that credibility determination; our mention of the police report is merely a recitation of the totality of the circumstances impacting upon the analysis of prejudice accruing to Harleysville from the late notice.